**Stephen A. ARNESON, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of the Department of Health and Human Services, Appellee.**

**No. 90–2300.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1991.

Decided Oct. 7, 1991.

Michael J. Hoare, St. Louis, Mo., for appellant.

Joseph B. Moore, argued (Stephen B. Higgins and Joseph B. Moore, on brief), St. Louis, Mo., for appellee.

Before BEAM, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and URBOM,* District Judge.

BEAM, Circuit Judge.

This dispute involving a disabled former employee and the Social Security Administration (SSA) comes before us a second time. The facts surrounding this matter are set forth in our initial opinion, *Arneson v. Heckler*, 879 F.2d 393 (8th Cir.1989), and we adhere to the holdings and conclusions in that decision, except as they may be modified by this judgment. We will repeat the facts only as they are necessary for our discussion of the issues raised in this new appeal. We will mention additional evidence from the record created on remand as it may be needed to explain our current rulings.

Essentially, Arneson claims that he is an "otherwise qualified handicapped individual" for whom the SSA refuses to make reasonable accommodations as required by law. We agree, and as a result, we reverse and remand this case with specific directions to the district court.

Arneson suffers from a neurological disorder known as apraxia. This disease affects his ability to discharge his duties as a claims representative for the SSA. Prior to his termination by the SSA, Arneson worked at the Clayton office in suburban St. Louis. At that location, he performed in a generally satisfactory manner. He was transferred to a smaller office in Maryland Heights and performed satisfactorily through at least two evaluation periods. His new supervisors at Maryland Heights, as time went on, viewed his work with disappointment. There is some evidence that a new employee evaluation system may have contributed to this change in perception by personnel at Maryland Heights.

To give the government the benefit of the doubt in describing apraxia, we borrow a characterization by the dissenting judge in our earlier opinion. Judge Whipple, quoting Dr. William M. Landau, Chief of Neurology at Washington University/Barnes Hospital, points out that apraxia in non-medical terms, can be described as a "difficulty in bringing ideas together, difficulties in writing, distractibility, motor awkwardness." *Arneson*, 879 F.2d at 399. Arneson claims that the major problem involves distractibility, that is the inability to bring ideas together in the noise, stress and turmoil of a busy office. This seems to be borne out by the fact that while at Clayton, he was provided a semi-private space in which to work, and his ratings were consistently satisfactory. At Maryland Heights, this accommodation was not made and his work obviously suffered.

We do not consider this set of facts to be sufficient in itself to establish that Arneson is an otherwise qualified handicapped individual within the meaning of section 504 of the Rehabilitation Act. As we stated in *Arneson*, "[a]n otherwise qualified handicapped individual is one who, with reasonable accommodation, 'can perform the essential functions of the position in question without endangering the health and safety of the individual or others.' 29 C.F.R. § 1613.702(f) (1988)." *Arneson*, 879 F.2d at 396.

We also pointed out that

* The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska, sitting by designation.

[i]n determining what kinds of accommodations are reasonable, courts are permitted to "take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy." 29 U.S.C. § 794a(a)(1) (1982). An unreasonable accommodation is one which "would impose undue hardship on the operation of its program." 29 C.F.R. § 1613.704(a) (1988).

*Id.* at 397. We remanded this case because we were not satisfied that Arneson had been given the benefit of the requirements of the Rehabilitation Act. We think the evidence on remand now establishes that he is an otherwise qualified handicapped individual who has not been afforded reasonable accommodation. We think that he should be returned to the work force, if possible.

At the continued proceeding, the government called several witnesses who had responsibility for supervising Arneson or for programs for the handicapped. Their testimony, in our view, established or reinforced the existence of several critical points.

First, very little was done to attempt to accommodate Arneson and to, thus, preserve him as a contributing employee of the SSA. He is now on disability, receiving a government pension when he can very likely adequately perform services as a social security claims representative.

Second, the duties of a claims representative have now been automated. This is significant because, as stated by government witness Dorothy Boyer, an operations supervisor for the SSA, an individual with no computer experience and the ability to use two fingers can now function as a claims representative. This new system itself seems to be an accommodation that will eliminate Arneson's "motor awkwardness" and "difficulties in writing" problems as described by Dr. Landau. As noted by government witness John Nathan, the area director of the SSA for eastern Missouri since 1978, the basic elements of the claims representative position are now "[i]nterviewing, adjudication, decision making." Trial Transcript at 150.

Third, no proposals were ever suggested by Arneson's immediate superiors at Maryland Heights that would have provided him with a distraction-free environment approximating that at Clayton where Arneson's performance was satisfactory. Further, at the renewed hearing, the closest the government ever came to this issue was testimony by Nathan that he was never asked to look into providing private work space, that he does not know what it would cost, and that his only knowledge of the matter involves his having seen figures dealing with construction costs at offices he has managed. With the job now being primarily interviewing, adjudication and decision making, and with the distractibility problem solved, presumably by some accommodation through private work space, we believe that Arneson can probably do the work.

Fourth, the SSA has, laudably, instituted a program to reasonably accommodate blind individuals so that they may work as claims representatives. This includes special equipment and training, individuals to assist as "readers," and, in at least one instance, allowing a representative to carry a reduced workload. This program was undertaken because the SSA is required by law to conduct an affirmative program to accommodate handicapped individuals.

In sum, we think the government has established Arneson's case. Computers have accommodated the writing and motor awkwardness problems and the experience at Clayton seems to prove that a reasonable effort to isolate Arneson from distractions will allow him to satisfactorily carry an acceptable workload.

Accordingly, we reverse the decision of the district court and remand the matter with directions. We direct the district court to enter an order reinstating Mr. Arneson to his job as a claims representative at the SSA. We direct that he be given computer training on the new system, at least equal to that received by other handicapped employees. We direct

that a reasonable amount be expended to provide a distraction-free environment in which Mr. Arneson can work. This can be at Clayton, Maryland Heights or any other SSA office within moderate proximity to Mr. Arneson's residence.

We further direct that Mr. Arneson be awarded back pay and that the district court take evidence on and enter judgment for the amount to be established. Finally, we direct that, if necessary, Arneson be given a "reader" to provide assistance to the level provided for other handicapped individuals employed by the SSA. This is not to be someone who is an alternate claims representative, only an individual who, upon reading the paper printed by the computer at the work station, can assist Arneson in his efforts to satisfactorily complete his assigned tasks.

We provide a caveat to the appellant. If, with the accommodations provided, satisfactory performance cannot be achieved, as measured by usual SSA standards, nothing in this opinion precludes the agency from terminating him for unsatisfactory performance. If, with reasonable accommodation as required by law, he cannot perform the quantity and quality of work required of other disabled representatives, discharge will be proper.

IT IS SO ORDERED.