**Luqman Abdul ALI, Plaintiff,**

v.

**CITY OF CLEARWATER, a municipal corporation, Defendant.**

No. 92–790–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Feb. 7, 1996.

Jawdet I. Rubaii, Law Office of Jawdet I. Rubaii, Clearwater, FL, for plaintiff.

Mark A. Hanley, Deborah Susan Crumbley, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for defendant.

### ORDER ON DEFENDANT'S MOTIONS TO STRIKE AND FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following motions, responses, and supporting material:

1. City of Clearwater's (hereinafter the City) Renewed Motion for Summary Judgment, filed September 1, 1995 (Docket No. 88).

2. The City's Memorandum of Law in Support of Its Renewed Motion for Summary Judgment, filed September 1, 1995 (Docket No. 89).

3. Luqman Abdul Ali's (hereinafter Ali) Response in Opposition to Defendant's Renewed Motion for Summary Judgment, filed October 11, 1995 (Docket No. 95).

4. The City's Motion to Strike and Memorandum in Support, filed October 20, 1995 (Docket No. 101).

5. Ali's Response to Defendant's Motion to Strike and Memorandum in Support, filed October 31, 1995 (Docket No. 102).

6. Affidavit of Richmond Smith submitted by the City in support of its motion for summary judgment, filed June 10, 1993 (Docket No. 26).

7. Affidavit of Allen Hicks submitted by the City in support of its motion for summary judgment, filed June 10, 1993 (Docket No. 26).

8. Affidavit of Carole Greiner submitted by the City in support of its motion for summary judgment, filed June 10, 1993 (Docket No. 26).

9. Affidavit of Kathy Rice submitted by the City in support of its motion for summary judgment, filed June 10, 1993 (Docket No. 26).

10. Affidavit of H.M. Laursen and accompanying documents submitted by the City

in support of its motion for summary judgment, filed June 10, 1993 (Docket No. 26).

11. Deposition of Luqman Abdul Ali submitted by the City in support of its motion for summary judgment, filed August 25, 1995 (Docket No. 26).

12. Defendant's Answer and Affirmative Defenses to Amended Complaint submitted by Ali in opposition to the City's motion for summary judgment, filed December 11, 1992 (Docket No. 14).

13. Affidavit of Luqman Abdul Ali submitted by Ali in opposition of the City's motion for summary judgment, filed August 3, 1993 (Docket No. 32).

14. Affidavit of John Hodgden submitted by Ali in opposition of the City's motion for summary judgment, filed August 3, 1993 (Docket No. 32).

15. Affidavit of Muhammad Abdur–Rahim submitted by Ali in opposition of the City's motion for summary judgment, filed August 3, 1993 (Docket No. 32).

16. Affidavit of Luqman Abdul Ali submitted by Ali in opposition of the City's motion for summary judgment, filed October 11, 1995 (Docket No. 96).

17. Affidavit of Dr. Stephen Beke submitted by Ali in opposition of the City's motion for summary judgment, filed October 11, 1995 (Docket No. 97).

18. Affidavit of Luqman Abdul Ali submitted by Ali in opposition of the City's motion for summary judgment, filed October 18, 1995 (Docket No. 100).

## BACKGROUND

Plaintiff Luqman Abdul Ali filed an amended complaint on December 4, 1992, against Defendant City of Clearwater (hereinafter the City) after this Court partially granted the City's motion to dismiss Ali's original complaint. *Ali v. City of Clearwater,* 807 F.Supp. 701 (M.D.Fla.1992) (dismissing Ali's Count IV, which was based on the Florida Human Rights Act of 1977, without leave to amend, and dismissing Ali's Count III with leave to amend). In Count I, Ali alleges handicap discrimination pursuant to § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (1988) (wrongful termination and failure to accommodate employee). Count II asserts intentional handicap discrimination under the Rehabilitation Act (failure to transfer employee to Maintenance Worker I with light duty or to another position with the City). In Count III, Ali contends handicap discrimination under 42 U.S.C. § 1983 (1988) and contrary to 29 U.S.C. § 794 (custom or policy of failing to accommodate handicapped individuals). Finally, Count V alleges denial of equal protection pursuant to 42 U.S.C. § 1983 because of his handicap.

According to the amended complaint, Ali had worked for the City as a Maintenance Worker I since October 16, 1978. On July 27, 1988, during the time of Ali's employment with the City, Ali suffered injury in an off-duty hit and run accident. At the time the accident occurred, the City had assigned Ali to beach maintenance duty. After Ali's accident, he returned to the same duty.

In November, 1989, Ali was transferred from beach duty to street work. Still classified as a Maintenance Worker I, Ali complained to his crew leader that the transfer caused substantial aggravation to his existing injuries and created a new injury. The amended complaint states that Ali's crew leader reported Ali's injuries to the Supervisor I on at least three (3) occasions. The Supervisor I finally notified Supervisor II, who notified the assistant superintendent. The City ultimately placed Ali on light duty work.

Serving as the parties' employment contract, the Collective Bargaining Agreement (CBA) required Ali to obtain, upon the City's request, "a statement from competent medical authority substantiating the continuance of . . . illness" whenever he was absent for at least three (3) consecutive days. CBA at 22 (Docket No. 26). Therefore, to substantiate his injuries and aggravation, Ali provided the City with a letter and report from Dr. Pestinger, Ali's chiropractor. Subsequently, however, the City demanded that Ali obtain another medical certificate at his expense before it would allow Ali to continue working. The City indicated that it needed a certificate from a medical doctor, not a chiropractor. In response, Ali notified the City that he

could not afford another medical certificate. The City ultimately terminated Ali on April 27, 1990.

Basically, Ali avers that the requirement to provide a medical certificate was a pretext to discriminate against him solely on the basis of his handicap. Because he was, at all times, unable to afford the medical certificate, Ali alleges that the City wrongfully terminated him.

## THE CITY'S MOTION TO STRIKE PARAGRAPHS SEVEN, EIGHT, TEN, ELEVEN, AND TWELVE FROM DR. BEKE'S AFFIDAVIT

The Court will first address the City's motion to strike portions of paragraphs seven, eight, ten, eleven, and twelve from one of the affidavits submitted by Ali to oppose the City's motion for summary judgment. The affiant at issue is Dr. Stephen Beke, a certified chiropractor who purports to have medically examined Ali.

■ A party may support or oppose a motion for summary judgment by submitting an affidavit that conforms with Rule 56(e) of the Federal Rules of Civil Procedure. Among other formalities, Rule 56(e) limits an affiant's statements to facts that "would be admissible in evidence." Fed.R.Civ.P. 56(e). In addition, Rule 56(e) limits an affiant's statements to facts based on "personal knowledge." *Id.* An affiant may state his or her opinion "only where it appears that the affiant is competent to give an expert opinion." *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990). However, an affiant may not engage in conclusory argument, legal or otherwise. *Galindo v. Precision American Corp.,* 754 F.2d 1212 (5th Cir. 1985); *Sunshine Kitchens, Inc. v. Alanthus Corp.,* 66 F.R.D. 15, 17 (S.D.Fla.1975).

■ If a supporting or opposing affidavit fails to conform to Rule 56(e), the opposing party may move to strike the nonconforming portion(s). *Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc.,* No. 91-572-CIV-T-17A, 1993 WL 229601, *2 1993 U.S. Dist. LEXIS 8709, at *6 (M.D.Fla. June 23, 1993); *Barnebey v. E.F. Hutton & Co.,* 715 F.Supp. 1512, 1529 (M.D.Fla.1989).

Indeed, at least six (6) circuits treat a party's failure to move to strike as a waiver. *Jones v. Owens–Corning Fiberglas Corp.,* 69 F.3d 712 (4th Cir.1995); *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668, 682 (1st Cir.1994) ("Unless a party moves to strike an affidavit under Rule 56(e), any objections are deemed waived and a court may consider the affidavit."); *Gasaway v. Northwestern Mutual Life Insurance Co.,* 26 F.3d 957, 960 (9th Cir.1994); *Hicks v. Harris,* 606 F.2d 65, 67 (5th Cir.1979); *Williams v. Evangelical Retirement Homes,* 594 F.2d 701, 703 (8th Cir.1979) ("Absent a motion to strike or other timely objection, the trial court may consider a document which fails to conform to the formal requirements of Rule 56(e)."); *Noblett v. General Electric Credit Corp.,* 400 F.2d 442, 445 (10th Cir.1968). In light of these cases, the Court does not agree with Ali's assertion that the City "should ... be embarrassed to be filing [a motion to strike]." Plaintiff's Response to Defendant's Motion to Strike and Memorandum in Support at 2–3 (Docket No. 102).

As a procedural matter, Rule 12(f) is not the proper avenue to strike an affidavit. Technically, Rule 12(f) may only be used to strike matters found in pleadings. *Sellers v. Henman,* 41 F.3d 1100, 1101 (7th Cir.1994) ("[A]n affidavit is not a pleading."); *Londrigan v. FBI,* 670 F.2d 1164, 1168 (D.C.Cir. 1981); *see also, e.g., Augustus v. Board of Public Instruction,* 306 F.2d 862, 868 (5th Cir.1962); *Lake Lucerne Civic Association v. Dolphin Stadium Corp.,* 801 F.Supp. 684, 694 (S.D.Fla.1992). *But cf. McLaughlin v. Copeland,* 435 F.Supp. 513, 519 (D.Md.1977).

In light of these cases and authority, the Court does not agree with Ali's assertion that the City "should ... be embarrassed to be filing [a motion to strike]." Plaintiff's Response to Defendant's Motion to Strike and Memorandum in Support at 2–3 (Docket No. 102). The City having preserved its objections to Dr. Beke's affidavit, the Court will rule on the City's motions to strike if the objectionable statements become relevant for summary judgment purposes.

■ In his response to the City's motion to strike, Ali also asserts that the City violated two Local Rules. First, Ali argues that

the City violated Local Rule 3.01(b) by submitting an unauthorized legal memorandum to the Court. However, the Court finds no violation of Rule 3.01(b). Under Local Rule 3.01(a), the City permissibly submitted a legal memorandum in support of its motion to strike. Indeed, the City had a duty to submit one.

■ Second, Ali contends that the City violated Local Rule 3.01(g) by failing to confer with opposing counsel before filing its motion to strike. However, Ali merely cites and quotes the rule and advances no further argument. Therefore, the Court reminds both parties that Local Rule 3.01(g) applies to all civil motions not specifically exempted by that Rule. It requires the movant to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." Local R. M.D.Fla. 3.01(g). After such conference, the movant must "file with the motion a statement certifying that the moving counsel has conferred with opposing counsel and that counsel have been unable to agree on the resolution of the motion." *Id.* The Court does not find any such certification accompanying the City's motion to strike. Future failure to comply with Local Rule 3.01(g) will result in dismissal of the underlying motion.

## THE SUMMARY JUDGMENT STANDARD

The Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Under *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), both the movant and the non-movant bear certain burdens. Initially, the movant must "[inform] the district court of the basis for its motion, and [identify] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact." *Id.* at 323, 106 S.Ct. at 2553. The movant satisfies that initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. However, the nature of the movant's initial burden "varies depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or the non-movant would bear the burden of proof at trial." *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993).

### Issues on Which Movant Bears the Burden of Proof at Trial

■ In addition to the movant's initial summary judgment burden, it must also show that "no reasonable jury could find" for the non-movant "on all the essential elements of its case on which [the movant] bears the burden of proof at trial." *United States v. Four Parcels of Real Property in Greene & Tuscaloosa Counties,* 941 F.2d 1428, 1438 (11th Cir.1991) (citations omitted). Unless the non-movant "come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact," the movant is entitled to summary judgment upon satisfying its burdens. *Id.* Of course, if the movant fails to satisfy its burden, the non-movant need not make this showing and the Court will deny the motion for summary judgment. *See Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991).

### Issues on Which the Non–Movant Bears the Burden of Proof at Trial

■ Once the movant satisfies its initial burden by showing the absence of a genuine issue of material fact, the non-movant must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2549. Specifically, the non-movant must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ Issues of fact are genuine only if a reasonable jury, considering the evidence

presented could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Facts are "material" if they will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. at 2510. In determining whether a genuine question of material fact exists, the Court must consider all evidence in the light most favorable to the non-movant. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983).

▮ In determining whether the non-movant has met its burden, the question becomes whether the non-movant's evidence could support a reasonable jury finding that the non-movant established its burden by appropriate evidentiary standard of proof that would apply at trial. *Anderson,* 477 U.S. at 254–55, 106 S.Ct. at 2513–14. However, in determining whether to grant summary judgment, the district court must remember that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2514.

### THE CITY'S MOTION FOR SUMMARY JUDGMENT

#### I.  Count I:  Section 504 of the Rehabilitation Act of 1973

In Count I, Ali alleges that the City violated Section 504 by discriminating against Ali on the basis of his handicap. Specifically, Ali asserts that the City refused to keep him employed, failed to make any type of accommodation for Ali, and wrongly caused the termination of Ali's employment. Amended Complaint and Demand for Jury Trial at 4–5 (Docket No. 13).

In order to establish a prima facie case under Section 504 of the Rehabilitation Act, a plaintiff must prove:

1.  He or she is a "handicapped person" as defined in 29 U.S.C. § 706(8) (1988);

2.  He or she is an "otherwise qualified individual" for the program;

3.  He or she is being excluded from the participation in, denied the benefits of, or subjected to discrimination under the pro-

gram solely by reason of his or her handicap; and

4.  The position exists as part of a program or activity receiving federal financial assistance.

29 U.S.C. § 794(a) (1988); *See Southeastern Community College v. Davis,* 442 U.S. 397, 403 n. 2, 99 S.Ct. 2361, 2365, 60 L.Ed.2d 980 (1979); *Jackson v. Veterans Administration,* 22 F.3d 277, 278 (11th Cir.), *cert. dismissed,* —— U.S. ——, 115 S.Ct. 657, 130 L.Ed.2d 560 (1994); *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1125 (11th Cir.1993); *Sullivan v. City of Pittsburgh,* 811 F.2d 171, 181–82 (3d Cir.), *cert. denied,* 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987).

For purposes of this motion, the City concedes that: (1) Ali is a "handicapped person" under 29 U.S.C. § 706(8), (2) Ali is "otherwise qualified" for the position in question, and (3) the City receives federal financial assistance. Defendant's Memorandum of Law in Support of Its Renewed Motion for Summary Judgment at 3 (Docket No. 89). However, the City disputes element three and argues that Ali has failed to sufficiently show that he was terminated solely by reason of his handicap. Rather, the City asserts that it terminated Ali because of his failure to obtain a medical certificate substantiating Ali's handicap, which was a breach of the CBA.

In support of its motion for summary judgment, the City points to its four (4) affidavits. In particular, the City submits the affidavits of Mr. Richmond Smith, Mr. Allen Hicks, Ms. Carole Greiner, and Ms. H.M. Laursen (Docket No. 26). All four affiants were City employees during the relevant time period. All four (4) affiants state that Ali had a duty under the CBA, as requested by the City, to provide a certificate from a medical doctor in order to return to work. Indeed, Mr. Hicks attests that Ali has complied with the CBA in the past by submitting a certificate from a medical doctor.

▮ The City contends that Ali's failure to produce a medical doctor's certificate was a legitimate reason for terminating him. Thus, the City argues that this legitimate reason precludes, as a matter of law, Ali's being discriminated *solely* on the basis of his

handicap. As authority, the City advances two (2) cases, *Leckelt v. Board of Commissioners,* 909 F.2d 820 (5th Cir.1990), and *Smyth v. Niagara Mohawk Power Corp.,* 1991 WL 169054 (N.D.N.Y.1991), *aff'd,* 969 F.2d 1041 (2d Cir.1992).

In opposition to the City's motion for summary judgment, Ali advances his affidavit (Docket No. 32). In his affidavit, Ali states he complied with the CBA and the City's request by providing the City with a letter and report from his chiropractor, Dr. Pestinger. Subsequently, Ali attests that the City insisted that Ali provide another medical certificate. Ali replied that he could not afford one, and the City ultimately terminated Ali.

Ali argues that these facts support an inference that the City's second medical request was merely a pretext for discriminating against him solely on the basis of his handicap. Ali asserts that he did, in fact, comply with the CBA by submitting the report of a chiropractor, who is "in every way considered a member of the medical profession." Plaintiff's Response In Opposition to Defendant's Renewed Motion for Summary Judgment at 5. As authority for the notion that a chiropractor is "competent medical authority" under the CBA, Ali points to Fla. Stat. §§ 460.413, 766.102, 766.101(1)(b) (1993) and *Catron v. Roger Bohn, D.C., P.A.,* 580 So.2d 814 (Fla. 2d DCA 1991).

The Court denies the City's motion for summary judgment on Count I. Viewing the facts in a light most favorable to Ali, the Court finds that they support an inference of handicap discrimination in violation of the Rehabilitation Act. Indeed, the City has advanced four (4) affidavits to support its position that it terminated Ali because of his failure to present a medical certificate as required by the CBA. However, Ali's affidavit supports his position that he complied with the CBA by submitting a certificate signed by a chiropractor. Given the above-cited Florida authorities, a chiropractor's certificate may meet the CBA's meaning of "competent medical authority." Therefore, at a minimum, genuine questions of material fact exist as to whether Ali complied with the CBA by presenting a chiropractor certificate and, if so, whether the City's demand for a medical doctor certificate was a pretext for discriminating against Ali solely on the basis of his handicap.

The Court also finds the cases of *Leckelt* and *Smyth,* cited by the City, unpersuasive and distinguishable from the case at bar. Unlike Ali, the *Smyth* and *Leckelt* plaintiffs failed to submit any medical reports.

### II. Count II: Failure to Accommodate Handicap by Transfer

The Court will next address the City's motion for summary judgment on Count II. In that count, Ali alleges that the City violated Section 504 of the Rehabilitation Act and its regulations by failing to give Ali another position within the City or as a Maintenance Worker I with light duty.

■■■ Under regulatory law, an employer subject to the Rehabilitation Act has a duty to "reasonably accommodate" an employee's handicap. 45 C.F.R. § 84.12 (1995); *Lussier v. Dugger,* 904 F.2d 661, 668 (11th Cir.1990). More specifically, a "[r]easonable accommodation may include ... [j]ob restructuring [and] part-time or modified work schedules." 45 C.F.R. § 84.12. While the burden is on the plaintiff to show that his employer failed to reasonably accommodate his handicap, the employer may affirmatively defend by proving that "the accommodation would impose an undue hardship" or is not possible. *Id.; Tuck v. HCA Health Services, Inc.,* 7 F.3d 465, 474 (6th Cir.1993).

■■■ The City argues that it has no duty, as a matter of law, to transfer Ali to a specially-created position or to a different department under either *Mackie v. Runyon,* 804 F.Supp. 1508 (M.D.Fla.1992) or *Alexander v. Frank,* 777 F.Supp. 516 (N.D.Tex. 1991).

Ali responds by arguing that the City did have a duty to allow Ali to carry a reduced workload as a "reasonable accommodation." For support, Ali advances *Tuck v. HCA Health Services, Inc.,* 7 F.3d 465, 474 (6th Cir.1993), which also cites to *Arneson v. Sullivan,* 946 F.2d 90 (8th Cir.1991). Ali also contends that the City has failed to show that accommodating Ali's handicap is not possible

or would unduly burden it. As a factual basis, Ali advances the affidavits of Mr. Muhammad Abdur–Rahim (Docket No. 32) and Mr. John Hodgden (Docket No. 32). Both affiants state that the City has previously placed injured employees on light duty and was capable of doing the same for Ali.

The Court denies the City's motion for summary judgment on Count II for two (2) reasons. First, the Court finds a genuine issue of material fact as to whether the City failed to reasonably accommodate Ali's handicap. Indeed, Ali has advanced a factual basis for his claim that the City could have placed him on light duty within in his same position, a Maintenance Worker I. Therefore, the City's use of *Mackie* and *Alexander* is unpersuasive because those cases deal with transferring employees to substantially different or newly-created positions.

The Court is more persuaded by the cases of *Tuck* and *Arneson*. In *Tuck*, the court found that the defendant-hospital should have offered the plaintiff, a handicapped nurse, an available part-time and/or shorter-shift position. 7 F.3d at 473. The court reasoned that a reduced workload could be a reasonable accommodation. *Id.* at 474 (citing *Arneson v. Sullivan*, 946 F.2d 90, 92–93 (8th Cir.1991)); *see also Lussier v. Dugger*, 904 F.2d 661, 668 (11th Cir.1990) (stating that employers subject to the Rehabilitation Act "cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies," quoting *School Board of Nassau County v. Arline*, 480 U.S. 273, 289 n. 19, 107 S.Ct. 1123, 1131 n. 11, 94 L.Ed.2d 307 (1987)). Similarly, in this case, a genuine issue of material fact exists as to whether transferring Ali within the same position or to a new one would be a "reasonable" accommodation.

■ Secondly, the Court finds that the City has failed to meet its burden of proving that accommodating Ali's handicap is not possible or would unduly burden it. The City has not advanced any factual basis for this affirmative defense, which it has the burden of proving at trial.

### III. Count III: Section 1983

The City also moves for summary judgment with respect to Ali's third count. In that count, Ali contends that the City violated Section 1983, 42 U.S.C. § 1983 (1988), by its violation of the Rehabilitation Act.

■ As this Court stated in its 1992 Order, a plaintiff suing a municipality under Section 1983 must prove that he has been deprived of a federal right and that the violator acted under state or territorial law. *Ali v. City of Clearwater*, 807 F.Supp. 701, 706 (M.D.Fla.1992) (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980)). To hold a municipality liable for its agents, a plaintiff must also prove that the municipality acted in accordance with a policy or custom. *Ali*, 807 F.Supp. at 707.

■ The City argues that its motion should be granted because Ali has not advanced any evidence that it violated the Rehabilitation Act. The City also contends that Ali has failed to advance any evidence that it acted in conformity with a custom or policy of discriminating against handicapped employees.

In response, Ali first argues that his termination was an "official act" of the City and, therefore, he need not show a custom or policy of discrimination. However, even if he needs to show a custom or policy, Ali contends that he has evidence of it. As a factual basis, Ali advances the affidavits of Mr. Muhammad Abdur–Rahim (Docket No. 32) and Mr. John Hodgden (Docket No. 32) and Ali's deposition (Docket No. 26).

In his affidavit, Mr. Abdur–Rahim, a Supervisor II with the City, states that "[t]he City of Clearwater has an unwritten policy of discrimination against persons who have received permanent injuries." Affidavit of Muhammad Abdur–Rahim at 1 (Docket No. 32). Mr. Hodgden, President of the union for City employees, attests to the same policy.

The Court denies the City's motion for summary judgment on Count III. First, for the reasons stated in the Count I analysis, the Court finds a genuine issue of material fact regarding whether the City violated the Rehabilitation Act. Second, the Court finds

a genuine issue of material fact regarding whether the City had a custom or policy of discriminating against handicapped employees. Ali clearly satisfied his summary judgment burden by advancing the affidavits of Mr. Abdur–Rahim and Mr. Hodgden.

### IV. Count V: Equal Protection

In Count V, Ali contends that the City violated Section 1983, 42 U.S.C. § 1983 (1988), by its violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1. More specifically, Ali argues that he is a member of a "class within a class," handicapped employees injured off the job. Plaintiff's Response in Opposition to Defendant's Renewed Motion for Summary Judgment at 13 (Docket No. 95). Ali asserts that the City treats his class differently than Ali's counterpart employees injured on the job.

When a state actor, such as a municipality, classifies persons in any fashion, such conduct potentially invokes the Equal Protection Clause of the Fourteenth Amendment. However, under Equal Protection jurisprudence, a state actor may treat persons who are not members of a suspect or quasi-suspect class differently if it has a legitimate governmental purpose for doing so and seeks to achieve that purpose through rationally related means. *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 442, 105 S.Ct. 3249, 3255–56, 87 L.Ed.2d 313 (1985). The Supreme Court does not consider handicapped persons to be a suspect or quasi-suspect class. *Id.* at 443, 446, 105 S.Ct. at 3256, 3257–58. Even if its classification is non-suspect, a state actor "may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *Id.* at 446, 105 S.Ct. at 3258.

In its motion for summary judgment, the City argues that requiring employees with non-work related injuries to pay for their medical certificates in order to return to work is rational because "it could cost the City thousands of its taxpayers' dollars if it had to pay for all the medical certificates for non-work related injuries." Defendant's Memorandum of Law in Support of its Renewed Motion for Summary Judgment at 17

(Docket No. 88). As legal support, the City points to *Realbuto v. Howe,* 872 F.Supp. 1103 (N.D.N.Y.1993), *aff'd,* 29 F.3d 620 (2d Cir. 1994).

In response, Ali contends that the City's financial reason for treating Ali's class differently than his counterpart employees injured on the job is not rationally related to any legitimate government purpose. More specifically, Ali contends that the City has no legitimate governmental reason for requiring Ali to produce a second medical certificate after Ali had already produced one from his chiropractor. Ali argues that the City's stated financial reason is a pretext for its real reason, "a bare ... desire to harm a politically unpopular group." *Cleburne,* 473 U.S. at 446–47, 105 S.Ct. at 3258 (quoting *United States Department of Agriculture v. Moreno,* 413 U.S. 528, 534, 93 S.Ct. 2821, 2825, 37 L.Ed.2d 782 (1973)).

The Court denies the City's motion for summary judgment on Count V. Although the City has advanced a legitimate governmental purpose for its alleged disparate treatment of handicapped employees injured off the job, the Court has already found genuine issues of material fact regarding the City's motive behind requiring Ali to produce a medical certificate from a doctor. *See supra* The City's Motion for Summary Judgment, Count I. If, in fact, Ali did not comply with the CBA by producing a certificate from a chiropractor, then it would appear that the City rationally sought to achieve its stated financial purpose by requiring its employees with off-duty injuries to pay for their own medical certificate.

However, the law of summary judgment requires this Court to view the facts most favorably toward Ali. Therefore, because of the existing genuine issues of material fact, this Court defers a rational basis review of the City's actions until a trier of fact resolves the underlying dispute. *See Lussier v. Dugger,* 904 F.2d 661, 671 (11th Cir.1990) (holding that the district court should not have granted summary judgment against the plaintiff on his equal protection count because an underlying factual dispute existed).

The Court distinguishes the case advanced by the City, *Realbuto v. Howe,* 872 F.Supp.

1103 (N.D.N.Y.1993), *aff'd,* 29 F.3d 620 (2d Cir.1994). In *Realbuto,* the court granted a motion for summary judgment because the defendant, a state actor, had a legitimate governmental purpose to treat handicapped employees differently and sought to fulfill that purpose through rationally related means. *Id.* at 1110. However, unlike the present case, there were no underlying genuine issues of material fact in *Realbuto. Id.*

## V. Failure to Mitigate Damages

Finally, the Court will address the City's motion for summary judgment based on Ali's alleged failure to mitigate his damages. As one of its affirmative defenses, the City has alleged that Ali failed to mitigate his damages and, therefore, is not entitled to any relief as a matter of law. Answer and Affirmative Defenses to Amended Complaint at 7 (Docket No. 14). As authority for the notion that an alleged discrimination victim has a duty to mitigate, the City cites *Lewis v. Federal Prison Industries, Inc.,* 953 F.2d 1277 (11th Cir.1992), and *Wilson v. S & L Acquisition Co.,* 940 F.2d 1429 (11th Cir. 1991). For a factual basis that Ali did not mitigate, the City advances Ali's deposition, where Ali states that he has not sought any employment since the City terminated him. Deposition of Luqman Abdul Ali at 123–25 (App. Docket No. 26).

The Court denies the City's motion for summary judgment based on its allegation that Ali failed to mitigate his damages. In the employment discrimination context, the defendant has the burden of proving the affirmative defense of failure to mitigate. *Aguinaga v. United Food & Commercial Workers International Union,* 993 F.2d 1463, 1474 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 880, 127 L.Ed.2d 75 (1994). To meet its burden, "the defendant must demonstrate: 1) there were suitable positions which the plaintiff could have discovered and for which [he or she] was qualified; and 2) the plaintiff failed to use reasonable diligence in seeking such positions." *Campbell v. Pennsylvania College of Optometry,* 68 Fair Empl.Prac.Cas. (BNA) 1488, 1995 WL 489134 (E.D.Pa.1995) (citing *Aguinaga,* 993 F.2d at 1474); *see also Nord v. U.S. Steel Corp.,* 758 F.2d 1462 (11th Cir.1985).

In the present case, the City has only advanced evidence of the second element, failure to use reasonable diligence. The City has failed to point out any factual basis for the first element. Therefore, the City has failed to meet its summary judgment burden on its affirmative defense of failure to mitigate.

The Court having considered all the arguments of the parties is convinced that: (1) the City's motion to strike portions of Dr. Beke's affidavit is moot at this time because the Court did not look at any of the objectionable portions in consideration of the instant motion, and (2) the City's motion for summary judgment be denied on all counts and on the City's affirmative defense of failure to mitigate.

Accordingly, it is

**ORDERED** that the City of Clearwater's Renewed Motion for Summary Judgment (Docket No. 88) be **DENIED** and Motion to Strike (Docket No. 101) be **DENIED** as moot.

**DONE AND ORDERED.**