See also, D.C., 65 F.R.D. 4.

**SUNSHINE KITCHENS, INC.**, a Florida Corporation, Plaintiff,

v.

**ALANTHUS CORPORATION**, a Delaware Corporation, Defendant.

**No. 74–1361–Civ–JLK.**

United States District Court, S. D. Florida, Miami Division.

March 11, 1975.

Pettigrew & Bailey, Miami, Fla., for plaintiff.

Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, Fla., for defendant.

## ORDER DENYING MOTIONS TO DISMISS, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR DEFAULT, AND GRANTING MOTIONS TO STRIKE AFFIDAVITS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon various motions filed by the plaintiff and defendant. Having considered the record and being fully advised in the premises, the court finds and concludes that all the motions, except those to strike portions of the affidavits, should be denied for the reasons set forth below.

■ The defendant moved to quash service or to dismiss the complaint for insufficiency of service of process on the ground that the contacts of Alanthus with Florida were inadequate to support long-arm service of process. In support of that position, the defendant relies primarily upon Uible v. Landstreet, 392 F.2d 467 (5th Cir. 1968), a case in which the Fifth Circuit concluded that a single visit to Florida for the purpose of closing a stock purchase was insufficient to satisfy the state's requirements for long-arm service. Plaintiff responds that the single-visit problem is not presented by this case since the defendant, through various agents, had a number of additional contacts with this state. The alleged agents, attorneys Kay, Suslow and Mallin, were paid for their services by the defendant with respect to the transaction underlying this lawsuit. Alanthus does not challenge this fact, but argues instead that the attorneys were advising Sunshine and therefore could not also be agents for Alanthus. However, Sunshine contends that the attorneys were clothed with apparent authority for this transaction only, and that Alanthus now must take responsibility for the efforts exerted on its behalf. *Cf.* *Parsley Brothers Construction Co. v. Humphrey,* 136 So.2d 257 (Fla.App. 1962). Accepting the reasoning of the plaintiff, the court concludes that the defendant's contacts with Florida were sufficient to sustain long-arm service and to confer jurisdiction on this court. *See* Horace v. American National Bank and Trust Company of Fort Lauderdale, 251 So.2d 33 (Fla.App.1971).

■ Alanthus has also urged that the securities counts in the complaint be dismissed because, inter alia, the plaintiff entered into the computer transaction with no expectation of making a profit, and therefore could not have been relying on the efforts of others to produce a profit. Sunshine concedes that it entered into the deal anticipating that tax losses would be generated, but further asserts that it expected to make a profit on the resale of the computers. Both parties recognize the applicability of the "economic reality" test enunciated in SEC v. W. J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946) for determining whether there is an investment contract, and the court is of the view that additional information is necessary to appreciate the "economic reali-

 

ty" of this business transaction. To permit the discovery process to provide such information, the motion to dismiss the securities claims will be denied.

 Several other motions require only brief mention. The defendant has moved to dismiss the two non-securities counts in the complaints. Since count six does incorporate prior factual allegations which detail the alleged fraud, that count meets the particularity requirement of F.R.Civ.P. 9(b). Since count seven seeks recission as the remedy for the alleged failure of consideration, that count also survives the motion to dismiss.

During the pendency of the motions to dismiss, the defendant moved for a protective order to stay discovery, and the plaintiff moved for an order to compel discovery. With the entry of this order, those requests become unnecessary, and will therefore be denied.

The plaintiff moved to strike portions of the affidavits submitted in support of the defendant's motion to dismiss for insufficiency of service of process. The basis of the plaintiff's motion is that the affidavits are riddled with improper material, such as legal conclusions, contrary to Rule 56(e). Although the court did not base any decision on the tainted affidavits, the plaintiffs are entitled to have stricken those portions referred to in the motions.

Finally, the plaintiff filed a motion for entry of a default judgment based on the defendant's failure to file an answer. In view of the fact that no responsive pleading is due until the court disposes of pending motions to dismiss, the motion for entry of a default is not well-founded. It is therefore

Ordered and adjudged that the plaintiff's motions to strike portions of the affidavits submitted by the defendant be and the same are hereby granted. It is further

Ordered and adjudged that all other motions discussed in this order be and the same are hereby denied. The defendant shall have ten days from the entry of this order to file a responsive pleading.