[No. 4921-3-III.   Division Three.   June 24, 1982.]

N. W. CAMPBELL, ET AL, *Plaintiffs*, v. WILLIAM G. SCANNELL, *Respondent*, LAWRENCE M. ROSS, ET AL, *Petitioners*.

*Lawrence M. Ross*, pro se.

*A. P. Parsons, Christopher M. Carletti, Weinrich, Gilmore & Adolph,* and *Kenneth S. Kessler,* for respondent.

GREEN, J.—One issue is presented: Did the court err in granting a motion for default when the party against whom the motion was made did not file an answer within the time required by CR 12(a) but moved to dismiss the complaint before the motion for default was heard? We hold it did, and reverse.

On June 12, 1981, a third party complaint by William G. Scannell was served on Lawrence M. Ross and his wife. Mr. Ross entered an appearance on July 1. On July 6, Mr. Scannell filed a motion for default, which was set for hearing July 13. On July 10, Mr. Ross, pursuant to CR 12(b)(6),[1] moved to dismiss the third party complaint noting the hearing for July 27. Notwithstanding, on July 13 the motion for default was granted. Mr. Ross moved to vacate that order because his motion to dismiss had not been decided. This motion was denied on the basis his motion to dismiss did not prevent the entry of the default and there were insufficient reasons for vacating the order under CR 60. Nevertheless, the court granted Mr. Ross permission to file an answer on condition he pay terms and any expenses resulting from the delay. Discretionary review was granted by this court.

Mr. Ross claims the court erred in declaring a default because his motion to dismiss was pending. He further argues he was not required to show any of the elements under CR 60 to vacate the order. We agree.

Time limits within which a defendant must answer after service of the summons and/or complaint are provided in CR 12(a). A motion for default may be made if a party fails to respond within those time limits. CR 55. However, a party who has appeared before a motion for default is filed "may respond to the pleading or otherwise defend at any time before the hearing on the motion." CR 55(a)(2). Under

---

[1]That section states: "[T]he following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted, . . . A motion making [this defense] shall be made before pleading if a further pleading is permitted."

CR 12(b)(6), a motion to dismiss for failure to state a claim may be made before answering. Service of this motion alters the time for answering until 10 days after notice that the court has "den[ied] the motion or postpone[d] its disposition until the trial on the merits". CR 12(a)(4)(A).

Although Mr. Ross appeared but failed to answer within the time required by CR 12(a), he did respond or otherwise defend under CR 55(a) when he moved to dismiss the third party complaint before the default motion was heard. Under CR 12(a)(4)(A), he was not required to answer unless his motion to dismiss was denied or postponed. In that event, he had an additional 10 days in which to serve the answer. The court, therefore, erred in granting the motion for default after Mr. Ross filed his motion to dismiss. *See also Jones v. Bales,* 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam,* 480 F.2d 805 (5th Cir. 1973); *Sunshine Kitchens, Inc. v. Alanthus Corp.,* 66 F.R.D. 15 (S.D. Fla. 1975); 2A J. Moore, *Federal Practice* ¶¶ 12.03, .05 (1981); 3A L. Orland, Wash. Prac., *Rules Practice* § 5151 (3d ed. 1980).

The court also erred in denying the motion to vacate on the basis Mr. Ross had not established any of the grounds required under CR 60(b). That section is applicable only if a default *judgment* has been entered. CR 55(c) states an *order* of default may be set aside "for good cause shown". Here, no judgment had been entered. The fact that a motion to dismiss under CR 12(b)(6) was pending was good cause to set the default aside.

Because we reverse on this issue, Mr. Ross' other contentions need not be addressed. His request for terms is denied.

Reversed and remanded.

ROE, A.C.J., and MUNSON, J., concur.