174 P.3d 133 (2007)
OLD REPUBLIC NATIONAL TITLE, INSURANCE COMPANY, a Minnesota corporation, Respondent,
v.
LAW OFFICE OF ROBERT E. BRANDT, PLLC, d/b/a Escrow Authority, Respondent,
v.
William Anderson and Kathy Anderson, husband and wife, Appellants.
No. 58908-3-I.
Court of Appeals of Washington, Division 1.
December 3, 2007.
Publication Ordered January 7, 2008.
James R. Ihnot, Attorney at Law, Kirkland, WA, for Appellants Kathy & William Anderson, SFN Investments.
Scott Arnold Smith, Riddell Williams PS, Seattle, for Respondent Old Republic National Title.
David Michael Jacobi, Wilson Smith Cochran Dickerson, Seattle, for Amicus Curiae National Fire & Marine Ins. Co.
William Louis Cameron, Joel Evans Wright, Lee Smart PS Inc., for Respondent Law Office of R. Brandt.
BAKER, GROSSE and BECKER, JJ.
PER CURIAM.
¶ 1 After commencement of a legal action, a defendant or his attorney may informally comply with the notice requirements of CR 4 by acknowledging the existence of the action and apprising the plaintiff of his intent to defend. Attorney James Ihnot's telephone call to Robert Brandt's attorney constituted an informal appearance. And Brandt's filing a document in court under the caption of this case listing Ihnot as the attorney of record shows that Brandt knew Ihnot was the Andersons' attorney. Allowing Brandt to obtain a default judgment for failure to appear under these circumstances would work an inequity. We reverse the denial of the motion to vacate and remand for further proceedings.
¶ 2 Respondent Brandt filed a third party complaint against the Andersons on October 24, 2005. On November 18 or 21, 2005 (the parties disagree as to the exact date) the Andersons' attorney, James Ihnot, spoke to Brandt's attorneys by telephone. Ihnot says that he told Brandt's attorneys that he was representing the Andersons in this action; Brandt's attorneys deny this. The record shows that Brandt's attorneys filed a notice for hearing in this action dated November 22, 2005, addressed to "THE CLERK OF THE *135 COURT and to all other parties listed on Page 2." On page 2, the notice listed Ihnot as the Andersons' attorney and also listed the other parties and their attorneys. On November 14, 2005, William Anderson received service of a subpoena duces tecum for his deposition scheduled for December 6. Neither Anderson nor Ihnot appeared for the deposition. Ihnot says that he did not receive notice of the deposition, although he notes that Brandt's attorneys attempted to telephone him on December 5.
¶ 3 On December 7, 2005, without giving notice to the Andersons or Ihnot, Brandt's attorneys obtained an order of default and default judgment against the Andersons.
¶ 4 The Andersons contend that Ihnot appeared informally by telephoning Brandt's attorneys and telling them that he was representing the Andersons in this action. The Andersons argue that Brandt's attorneys acknowledged this appearance by filing the notice of hearing listing Ihnot as the Andersons' attorney in this action, and that the trial court erred in denying their motion to vacate the default judgment. We review a trial court's decision on a motion for default judgment for abuse of discretion.[1] Because a proceeding to vacate a default judgment is equitable in character, "a default judgment should be set aside if the plaintiff has done something that would render enforcing the judgment inequitable."[2] And in this context, "where the determination of the trial court results in the denial of a trial on the merits an abuse of discretion may be more readily found."[3]
¶ 5 CR 4(a)(3) provides that if a defendant files a notice of appearance, it should be in writing, signed by the defendant or his attorney, and served on whoever signed the summons. CR 55 and 60 govern default judgments and vacation of such judgments. In accordance with the liberal policy toward vacating default judgments, Washington courts have construed the concept of appearance broadly in this context.[4] The courts have
required defendants seeking to set aside a default judgment to be prepared to establish that they actually appeared or substantially complied with the appearance requirements and were thus entitled to notice.[[5]]
Under Washington law, "[s]ubstantial compliance with the appearance requirement may be satisfied informally."[6]
¶ 6 In Seek Systems, Inc. v. Lincoln Moving,[7] Division Two of this court has stated that a telephone call
can constitute a notice of appearance if the caller is one who could appear for the defendant, the caller recognizes that the case is in court, and the caller manifests an intent to defend.[[8]]
Considering the facts of this case, we conclude that Ihnot's telephone conversation with Brandt's attorney constituted an appearance. Brandt's attorneys knew that Ihnot represented the Andersons in at least one other action. Ihnot asserts that during the conversation, he informed Brandt's attorney that he was representing the Andersons in this action. This assertion is supported by the fact that soon after this conversation, Brandt's attorneys filed the notice of hearing listing Ihnot as the Andersons' attorney in this action and served the notice on Ihnot.
¶ 7 When viewed together, the telephone call and notice of hearing indicate that Ihnot informed Brandt's attorneys that he was representing the Andersons in this action, and that Brandt's attorneys acknowledged that Ihnot was the Andersons' attorney *136 in this action. And the fact that Brandt's attorneys sought a default judgment on the basis of failure to appear after they had already acknowledged Ihnot as the Andersons' attorney in this action would make enforcing the default judgment inequitable. The Andersons were entitled to vacate the default judgment as a matter of law, and the trial court erred in denying the motion.
¶ 8 REVERSED AND REMANDED.
NOTES
[1] White v. Holm, 73 Wash.2d 348, 351, 438 P.2d 581 (1968).
[2] Morin v. Burris, 160 Wash.2d 745, 755, 161 P.3d 956 (2007); see also White, 73 Wash.2d at 351, 438 P.2d 581.
[3] White, 73 Wash.2d at 351-52, 438 P.2d 581.
[4] Colacurcio v. Burger, 110 Wash.App. 488, 495, 41 P.3d 506 (2002).
[5] Morin, 160 Wash.2d at 755, 161 P.3d 956.
[6] Morin, 160 Wash.2d at 749, 161 P.3d 956; Colacurcio, 110 Wash.App. at 495, 41 P.3d 506.
[7] 63 Wash.App. 266, 818 P.2d 618 (1991).
[8] Seek Systems, 63 Wash.App. at 270, 818 P.2d 618 (citations omitted).