IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MINNIE THOMAS and LAWRENCE WILLIAMS, | ) ) ) | No. 82041-9-I (Consolidated with No. 82740-5-I) |
| Appellants, | ) ) | DIVISION ONE |
| v. | ) ) | ORDER WITHDRAWING OPINION AND |
| KING COUNTY DEPARTMENT OF COMMUNITY AND HEALTH SERVICES; NORTHWEST HOSPITAL, | ) ) ) ) | SUBSTITUTING OPINION |
| Respondents. | ) ) | |

The opinion for this case was filed on June 13, 2022. A majority of the panel

request that the opinion filed on June 13, 2022 be withdrawn and a substitute

unpublished opinion be filed. Now therefore, it is hereby

ORDERED that the opinion filed on June 13, 2022 is withdrawn and a

substitute unpublished opinion shall be filed.

FOR THE COURT:

_____
Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MINNIE THOMAS and LAWRENCE WILLIAMS, | ) ) ) | No. 82041-9-I (Consolidated with No. 82740-5-I) |
| Appellants, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| KING COUNTY DEPARTMENT OF COMMUNITY AND HEALTH SERVICES; NORTHWEST HOSPITAL, | ) ) ) ) ) ) | |
| Respondents. | ) ) ) | |

HAZELRIGG, J. — Minnie Thomas and Lawrence Williams appeal pro se the dismissal of their claims against King County Community and Health Services (KCCHS) and Northwest Hospital (NWH). They assign error to several rulings made in connection to their motion for a default judgment and for a continuance, and challenge the ultimate dismissal of their claims under CR 12(b)(6). NWH urges this court to reject the appeal based on failure to comply with the Rules of Appellate Procedure. We decline to do so and instead analyze the merits of the trial court's various rulings so that Thomas and Williams may better understand the procedural aspects of the proceedings and the legal reasoning for the outcome in the superior court. Because the trial court did not abuse its discretion, and Thomas and Williams failed to allege any set of facts upon which relief could be granted, we affirm.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

In November 2016, Minnie Thomas was involuntarily committed to Northwest Hospital (NWH) pursuant to the involuntary treatment act[1] (ITA) after a "Designated Mental Health Professional"[2] (DMHP) employed by King County filed a petition in King County Superior Court requesting her commitment. The petition was granted and Thomas's detention was authorized by court order. Three years later, in November 2019, Thomas and her son Lawrence Williams filed a pro se complaint against King County Community and Health Services (KCCHS) and NWH. While the handwritten pleadings are difficult to decipher, Thomas and Williams (collectively, Thomas) seem to have brought claims for slander and libel, for conspiracy, for unlawful commitment, and violation of civil rights. Rather than filing answers to the complaint, KCCHS and NWH each filed motions to dismiss and accompanying motions to seal. Thomas later moved for a default judgment against both KCCHS and NWH, alleging each had failed to respond within 20 days after being served the summons and complaint as required by CR 12. The court granted the motions to dismiss and denied Thomas's motion for a default judgment. Thomas timely appeals.

ANALYSIS

While Thomas alleges bias and misapplication of court rules permeated the proceedings in superior court, the record and arguments on appeal demonstrate

---

[1] Ch. 71.05 RCW

[2] "Designated Mental Health Professionals" are now referred to as "Designated Crisis Responders" (DCRs) in the amended version of the ITA. This opinion utilizes the title in effect at the time of the events at issue.

that this perspective is likely based on a fundamental misunderstanding of both the procedural rules at issue in this litigation and the outcomes of the hearing conducted in the trial court. While we always endeavor to clearly set out the controlling authority and reasoning for our decisions, we take particular care with this case in the hopes that Thomas, and other pro se litigants, may fully understand the import and impact of compliance with relevant court rules.

I.      Dismissal for Noncompliance with Rules of Appellate Procedure

As a preliminary matter, NWH asks this court to dismiss Thomas's appeal under RAP 10.3 and 10.4. It argues Thomas failed to provide citations to legal authority and references to the record as required in RAP 10.3 and to provide references to the record with page designations for factual statements as required by RAP 10.4. NWH is correct that we "hold pro se litigants to the same standards as attorneys." Winter v. Dep't of Soc. and Health Servs. on Behalf of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). However, we liberally interpret our Rules of Appellate Procedure "to promote justice and facilitate the decision of cases on the merits." RAP 1.2. Thomas's brief does contain some citations to the record and to legal authority, and we are able to glean the substance of her challenges from briefing. Based on this, and our liberal interpretation of the Rules of Appellate Procedure, we decline to dismiss Thomas's case on procedural grounds and instead reach the merits of her appeal.

II.     Denial of Motion for Default Judgment

Thomas first assigns error to several trial court decisions made in connection with her motion for a default judgment. First, she contends the court

failed to rule on the motion in a timely manner. Second, she alleges the trial court erred in finding NWH's declaration of service credible over her declaration in response. Finally, she argues the trial court erred by dismissing her motion for a default judgment because NWH and KCCHS did not respond to her complaint within 20 days.

We review a trial court's decision denying a motion for default judgment for an abuse of discretion. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956, (2007). A court abuses its discretion if its decision is based "on untenable grounds or for untenable reasons." Id. Under Washington civil rules, a party may move for a default judgment when the defending party "has failed to appear, plead, or otherwise defend." CR 55(a)(1). However, we have "long favored resolution of cases on their merits over default judgments." Morin, 160 Wn.2d at 749. Because of this policy, this court is less likely to find an abuse of discretion when a trial court declines to award a default judgment. See Colacurcio v. Burger, 110 Wn. App. 488, 494–95, 41 P.3d 506 (2002). We also "construe[] the concept of appearance broadly" in the context of a default judgment. Old Republic Nat. Title Ins. Co. v. Law Office of Robert E. Brandt, PLLC, 142 Wn. App. 71, 74–75, 174 P.3d 133 (2007). "We have not exalted form over substance but have examined the defendants' conduct to see if it was designed to and, in fact, did apprise the plaintiffs of the defendants' intent to litigate the cases." Morin, 160 Wn.2d at 753.

Thomas asserts the court erred by delaying ruling on her motion for default judgment. She filed her motion on May 13, 2020, and NWH filed a response in opposition on June 4. The court heard oral argument on several motions of the

parties, including the motion for default, on June 19, 2020. While the court did not enter a written ruling denying the motion until September 1, it orally denied the motion at the conclusion of the hearing on June 19. The record is clear that the court issued a contemporaneous oral ruling, but delayed entering the written order because Thomas alleged she had not received NWH's motion to dismiss. The court ordered NWH to send its pleadings to Thomas and gave Thomas additional time to respond to them before issuing a written order encompassing the various motions. Without more, we cannot say the court abused its discretion.

Next, Thomas assigns error to the trial court's decision to "accept" NWH's declaration of service as evidence Thomas was served over her declaration that she was not properly served. However, "credibility determinations are solely for the trier of fact" and "cannot be reviewed on appeal." Morse v. Antonellis, 149 Wn.2d 572, 574, 70 P.3d 125 (2003). The superior court judge, acting as trier of fact, was entitled to make its own credibility determinations when presented with two conflicting declarations, and we do not review that determination.

Finally, Thomas alleges the trial court erred in denying her motion for default because both defendants failed to file an answer within 20 days. Generally, a defendant must serve an answer within 20 days after being served the summons and complaint. CR 12(a)(1). However, a party may file a motion to dismiss prior to submitting an answer. CR 12(b)(6). If this motion is made, a defendant need not file an answer "until 10 days after notice that the court has 'denie(d) the motion or postpone(d) its disposition until the trial on the merits." Campbell v. Scannell, 32 Wn. App. 346, 348, 647 P.2d 529 (1982) (quoting CR 12(a)(4)(A)).

In Campbell, the court found the trial court abused its discretion in granting a motion for default. Id. The defendant Ross "appeared but failed to answer" within 20 days after service of the summons and complaint. Id. However, "he did respond or otherwise defend under CR 55(a) when he moved to dismiss the third party complaint before the default motion was heard," and therefore "he was not required to answer unless his motion to dismiss was denied or postponed" under CR 12(a)(4)(A). Id.

In the case before us, Thomas served NWH and KCCHS on February 6, 2020.[3] NWH filed its notice of appearance on February 18, and KCCHS filed its notice of appearance on February 26. Both NWH and KCCHS filed motions to dismiss under CR 12(b)(6), along with motions to seal as both motions to dismiss referred to proceedings involving Thomas under the ITA which necessarily included her protected health information. NWH filed its motion on May 11, 2020 and KCCHS filed its motion on April 28, 2020. Thomas filed her motion for a default judgment against both defendants on May 13, 2020. The court granted NWH's and KCCHS's motions to seal on May 22, 2020, but did not hear oral argument on either motion to dismiss until June 19, 2020.

Like the defendant Ross in Campbell, NWH and KCCHS failed to formally answer within 20 days after being served the summons and complaint, though both filed notices of appearance. They did, however, defend against Thomas's claims by filing motions to dismiss and seal prior to her motion for a default judgment.

---

[3] There is nothing in the record before us to confirm that NWH and KCCHS were served on February 6, 2020, however the parties seem to agree service was both proper and accomplished on this date.

Again, Washington courts have "long favored resolution of cases on their merits over default judgment," and will examine the proceedings to determine if the defendants' conduct "was designed to, and, in fact, did apprise the plaintiffs of the defendants' intent to litigate the case[]." Morin, 160 Wn.2d at 749, 755. The actions by KCCHS and NWH were designed to, and did, apprise Thomas of the entities' intent to litigate the case. Because of this, and our policy favoring decisions on the merits, the trial court did not abuse its discretion in denying Thomas's motion for a default judgment.

Thomas refers to the motion to dismiss as an "illegit[imate] pre-answer without a legal defense," but the motions to dismiss filed by NWH and KCCHS are expressly authorized by our civil rules and are a proper form of legal defense against her claims. While she discusses both CR 4 and CR 12 generally in her argument that the court erred by "accepting" the motions to dismiss, Thomas does not engage with the plain language of CR 12(b)(6) which states that "the following defenses may at the option of the pleader be made by motion . . . (6) failure to state a claim upon which relief can be granted." (Emphasis added.) NWH and KCCHS exercised the option available under CR 12(b)(6) to respond to Thomas's complaint with motions to dismiss. Thomas relies on CR 12(a)(1) in support of her argument that NWH and KCCHS were in default, but she fails to acknowledge CR 12(a)(4), which expressly indicates that "[t]he service of a motion permitted under this rule [i.e. motion to dismiss under CR 12(b)(6)] alters these periods of time as follows, unless a different time is fixed by order of the court." (Emphasis added.) The filing of the motions to dismiss altered the time to answer, pursuant to the plain

language of the court rule.  There was nothing untoward or unfair about the trial court proceedings with regard to the denial of Thomas's motions for default.

III.     Denial of Thomas's Request for Continuance

Thomas next argues the trial court erred by failing to grant an adequate continuance.  A ruling on a motion for a continuance "is within the discretion of the trial court and is reversible by an appellate court only for a manifest abuse of discretion."  Coggle v. Snow, 56 Wn. App. 499, 504, 784 P.2d 554 (1990).  On September 9, 2020, Thomas filed a motion for a continuance of the hearing on NWH's motion to dismiss primarily based on her assertion that she needed "additional time to obtain crucial evidence to support my valid claims."  She specifically requested the court set the next hearing on October 23, 2020.  The court denied Thomas's motion to continue the hearing to October 23, but granted a limited continuance to October 2, 2020.

However, when considering a motion to dismiss, the trial court generally examines only the allegations in the complaint and decides the motion on "the face of the pleadings."  Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 844, 347 P.3d 487 (2015).[4]  While ruling on a motion to dismiss, the court presumes all facts in the complaint to be true and gives the plaintiff "the benefit of any hypothetical set of facts consistent with the complaint."  Konicke v. Evergreen Emergency Servs., P.S., 16 Wn. App. 2d 131, 137, 480 P.3d 424 (2021).  A court

---

[4] In addition to the motions to dismiss, the trial court considered documentation from the underlying ITA petition and order submitted by NWH and KCCHS under seal. This was proper and does not change our analysis of the court's decision to grant only a limited continuance. See Jackson, 186 Wn. App. at 844.

may only dismiss the complaint if "'it appears beyond a doubt that the plaintiff cannot prove any set of facts which would justify recovery.'" Burton v. City of Spokane, 16 Wn. App. 2d 769, 772, 482 P.3d 968 (2021) (internal quotation marks omitted) (quoting Keodalah v. Allstate Ins. Co., 194 Wn.2d 339, 345, 449 P.3d 1040 (2019)). Because of this, there was no need for Thomas to gather additional evidence—all facts in her complaint were presumed to be true, and she was entitled to the benefit of hypothetical facts consistent with her complaint.

While Thomas emphasized that she needed more time to gather evidence, she also indicated that she needed additional time "for 'medical reasons' and for the COVID[-]19 crisis that is causing more hardships." The record does not reflect that Thomas ever provided more information about the medical reasons underlying her motion to continue the case, or explained how the COVID-19 pandemic was impacting her ability to proceed with the litigation.[5] Most critically, however, the fact that her primary reason for seeking the continuance was to obtain additional evidence demonstrates that she misunderstood the nature of the legal challenges to her various causes of action. Her suit against NWH and KCCHS was not dismissed because she failed to support her claims with sufficient evidence, but rather because her claims were legally deficient; there were defects in her lawsuit that could not be fixed with evidence. Even if the court had granted her a lengthy continuance and she produced the evidence she sought to obtain, those legal

---

[5] This court is well aware of the myriad ways that the COVID-19 pandemic disrupted our state's legal system. However, in order for a court to consider the relevant factors for a motion to continue, such as "the needs of the moving party," it must be provided with the pertinent information. See Balandzich v. Demeroto, 10 Wn. App. 718, 720, 519 P.2d 994 (1974).

defects in her claims would have remained. Accordingly, the court did not abuse its discretion in granting only a limited continuance.

IV.    Dismissal of Claims under CR 12(b)(6)

NWH and KCCHS both correctly note that Thomas does not assign error in her opening brief to the trial court's decision granting both motions to dismiss on the merits. However, Thomas's June 10, 2021 notice of appeal in this consolidated case clearly requests review of the court's order granting the dismissal and her briefing establishes that she believed the dismissal was improper. In the spirit of liberal construction of our rules "to promote justice and facilitate the decision of cases on the merits" as articulated in RAP 1.2, we provide brief analysis of the dismissal to assist Thomas in understanding the overall procedures and applicable legal standards.

We review a dismissal under CR 12(b)(6) de novo. Larson v. Snohomish County, 20 Wn. App. 2d 243, 263, 499 P.3d 957 (2021). "A dismissal at this stage of the proceedings will be affirmed if it appears beyond any doubt that the plaintiff can prove no set of facts consistent with the complaint that would entitle [them] to relief." Id.

A.  Northwest Hospital

Thomas contends the trial court erred in dismissing three of her claims against NWH: libel and slander, violation of Thomas's civil rights, and for civil damages under the ITA.

- 10 -

First, NWH argues dismissal of Thomas's libel and slander claims was proper because the statute of limitations had expired. "When the underlying facts are undisputed, we review de novo whether the statute of limitations bars an action." Copper Creek (Marysville) Homeowner's Ass'n v. Kurtz, ___ Wn. App. 2d ___, 508 P.3d 179, 185 (2022). Under RCW 4.16.100, claims for libel or slander must be brought within two years. Emeson v. Dep't of Corr., 194 Wn. App. 617, 639, 376 P.3d 430 (2016). "The limitation period begins to run when the plaintiff's cause of action accrues," usually "when the plaintiff suffers some form of injury or damage." Crisman v. Crisman, 85 Wn. App. 15, 20, 931 P.2d 163 (1997). Under the "discovery rule," a plaintiff's "cause of action accrues when the plaintiff knows or should know the relevant facts" giving rise to the cause of action. Allen v. State, 118 Wn.2d 753, 758, 826 P.2d 200 (1992).

Thomas alleges the acts giving rise to her libel and slander claims occurred when a DMHP "submitted a 'false report'" in connection with a petition to detain her under the ITA. While she does not provide a date for this act, she alleges her commitment took place between November 8, 2016 and November 16, 2016. NWH's motion to dismiss reflects that the petition requesting Thomas's involuntary commitment was filed on November 7, 2016. Thomas was served with a copy of the petition, the order to detain, and notice of her rights on November 8, 2016. Because she alleges libel and slander based on the statements in the petition, she knew or should have known the relevant facts giving rise to the cause of action on the date she received the petition. Based on this, the statute of limitations expired on November 8, 2018. Thomas filed her complaint on November 7, 2019, nearly

a year too late. The trial court properly dismissed Thomas's libel and slander claims.

Next, NWH contends dismissal of Thomas's civil rights claim was proper because she could not state a claim as a matter of law. NWH correctly notes that Thomas did not cite specific legal authority, only alleging a "violation of civil rights." The parties appear to have assumed that this was most likely a claim under 42 U.S.C. § 1983. "To prevail on a § 1983 claim, a party 'must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" Freedom Found. v. Teamsters Local 117 Segregated Fund, 197 Wn. 2d 116, 145, 480 P.3d 1119 (2021) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)). No matter how discriminatory an action by a private entity might be, a plaintiff may only seek relief under § 1983 against an entity acting under color of state law. Id. A private entity may act under color of state law "when it performs a function the government has 'traditionally and exclusively performed,'" but this is exceedingly rare. Id. (quoting Manhattan Cmty. Access Corp. v. Halleck, ___ U.S. ___, 139 S. Ct. 1921, 1929, 204 L. Ed. 2d 405 (2019)).

A private entity may also act under color of state law "if [it] willfully participates in joint action with the state or its agents." Cummings v. Guardianship Servs. of Seattle, 128 Wn. App. 742, 758, 110 P.3d 796 (2005) as amended on denial of reconsideration (Sept. 13, 2005). However, there must be more than "'[a]ction taken . . . with the mere approval or acquiescence of the State.'" Id. at

- 12 -

759 (quoting Am. Mfrs., 526 U.S. at 52). In Cummings, for example, the court found that a guardian acting "under court supervision or pursuant to a court order" was not acting under color of state law for purposes of a § 1983 claim. Id. at 760. Likewise, Thomas does not allege that NWH is a state entity. Merely acting pursuant to a court order which required NWH to hold Thomas for evaluation and/or treatment is not sufficient to find NWH was acting under color of state law. Thomas has not alleged any set of facts which would entitle her to relief under 42 U.S.C. § 1983 and her claim was properly dismissed.

Finally, Thomas seems to allege she was improperly detained and therefore entitled to relief under the ITA. RCW 71.05.510 provides civil liability for "[a]ny individual who knowingly, willfully, or through gross negligence violates the provisions of this chapter by detaining a person for more than the allowable number of days." However, the ITA also provides immunity for evaluation and treatment facilities so long as those "duties were performed in good faith and without gross negligence." RCW 71.05.120(1). "Gross negligence is 'substantially and appreciably greater than ordinary negligence.'" Dalen v. St. John Med. Ctr., 8 Wn. App. 2d 49, 61, 436 P.3d 877 (2019) (quoting Estate of Davis v. Dep't of Corr., 127 Wn. App. 833, 840, 113 P.3d 487 (2005)). Thomas does not allege gross negligence or bad faith by NWH. Further, it was the court who controlled the duration of Thomas' commitment pursuant to the ITA, not NWH. Without more, the dismissal of her claim was proper because she does not allege any set of facts entitling her to relief.

As previously explained, the reason Thomas's suit against NWH was dismissed is not because she failed to provide sufficient evidence, but rather that her claims contained procedural defects. One was no longer available to her because the statute of limitations had passed. Another failed because NWH is a private entity which was not acting under color of state law. The final claim did not address the proper standard under the statute. These legal defects were fatal to the case and were specifically raised in the motion to dismiss and at the hearing on the motion, which Thomas attended.[6] Based on the above, the trial court did not err in dismissing Thomas's suit against NWH.

B. King County Community Health Services

Thomas argues the trial court also erred in dismissing three of her claims against KCCHS: for libel and slander, a civil rights violation, and civil liability under the ITA.

Again, RCW 4.16.100 requires that claims for libel or slander be brought within two years. Emeson, 194 Wn. App. at 639. Thomas alleges the acts underlying her libel and slander claims, the purportedly false statements made in a petition for detention, took place between November 6, 2016, and November 16, 2016. Thomas was served with a copy of the petition, the order to detain, and notice of her rights on November 8, 2016. Therefore, Thomas knew or should have known the facts supporting her cause of action on November 8. Thomas's

---

[6] Thomas did not provide the report of proceedings to this court as a part of the record on appeal. However, the clerk's minutes for the hearing on the motions for default and to dismiss indicate that Thomas appeared via telephone and presented argument to the court.

November 7, 2019 complaint was almost one year too late and the claim was properly dismissed.

Next, assuming Thomas's civil rights claim seeks relief under 42 U.S.C. § 1983, "[a] governmental entity is subject to section 1983 liability only when 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" Spencer v. King County, 39 Wn. App. 201, 212–13, 692 P.2d 874 (1984), overruled on other grounds by Frost v. City of Walla Walla, 106 Wn.2d 669, 724 P.2d 1017 (1986) (quoting Owen v. City of Independence, Mo., 445 U.S. 622, 655 n.39, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980)). Thomas's claim focuses on the petition filed by a DMHP, with no reference to any policy, regulation, or official decision by KCCHS as a body. Without more, she fails to allege any set of facts which would entitle her to relief against KCCHS under 42 U.S.C. § 1983. This claim was properly dismissed with prejudice.

Finally, KCCHS contends all of Thomas's claims, including her claim for civil damages under RCW 71.05.510, were properly dismissed because KCCHS cannot be sued—only King County itself may be sued. Our courts have held that "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." Nolan v. Snohomish County, 59 Wn. App. 876, 883, 802 P.2d 792 (1990). Because KCCHS is not a legal entity capable of being sued, Thomas's claims against it were properly dismissed.

As with the claims against NWH, the reason Thomas's lawsuit against KCCHS was dismissed is because her claims failed as a matter of law. The first

suffered from the same statute of limitations barrier as the corresponding claim against NWH. The next failed because Thomas did not assert any policy, regulation or official decision sufficient to support a claim. Most critically, KCCHS was not a proper party to the lawsuit as only the county itself could be sued. Again, these legal deficiencies were expressly set out in the motion to dismiss and argued at the telephonic hearing on the parties' motions. Thomas was present for that hearing and was given an opportunity to not only argue her motion for default, but to respond to KCCHS's arguments for dismissal. Based on the above, the trial court properly dismissed Thomas's claims against KCCHS with prejudice.

V.      Procedural Motions on Appeal

On April 4, 2022, Thomas moved for sanctions against KCCHS and NWH in this court, alleging they were only permitted to file one brief because the appeal was consolidated. As our Commissioner noted in denying that motion on April 18, 2022, RAP 10.1(g) allows parties in a consolidated appeal to file a single brief or file a separate brief. Thomas's motion for sanctions on that basis was properly denied.

On May 18, 2022, Thomas moved for reconsideration of the ruling, arguing that the Commissioner's January 20, 2022 order granting consolidation of Thomas's two pending appeals instructed KCCHS and NWH to file a single response brief, despite RAP 10.1(g), and therefore sanctions were appropriate. Thomas correctly observes that our Commissioner's January 20, 2022 ruling could be interpreted as instructing KCCHS and NWH to file a single response brief. However, that would contradict RAP 10.1(g), which expressly allows respondents

- 16 -

in a consolidated appeal to file a single brief, or separate briefs, as the Commissioner properly noted in the April 18, 2022 ruling denying sanctions. KCCHS and NWH were entitled to file separate briefs if they so chose, and the respondents correctly followed RAP 10.1(g). On that basis, the Commissioner properly denied Thomas's motion for sanctions.

Thomas also contends she should be permitted an opportunity to file a single reply brief to a single, consolidated response brief by KCCHS and NWH. She insists she cannot submit her brief in reply until KCCHS and NWH are ordered to file a single brief. This is inaccurate. On March 25, 2022, Thomas sought an extension of time to file her reply, referencing her demand for a single response brief. However, her request for extension was also based on a reasonable desire to know the rulings on her various other pending motions before this court. The Commissioner granted Thomas's request for additional time to file on the latter basis, without reaching her claim regarding a single response brief, and noted a filing deadline of May 16, 2022.

Instead of filing her reply by the date set by this court, Thomas filed a pleading on May 16, 2022 advising the court that she could not comply with the court's briefing schedule as to her reply because she had not received a single response brief. However, Thomas received two responses, one from each respondent as permitted under RAP 10.1(g), setting out the arguments of the parties in detail. She had the requisite information to submit a reply to this panel and had received additional time to do so. Despite the inartful reference to a single response brief in the January 20, 2022 ruling, this court did not restrict KCCHS

and NWH to filing one joint response, as evidenced by the plain language of the April 18, 2022 order. The April 18, 2022 order states, in relevant part: "RAP 10.1(g) allows a party to a consolidated case to join, in whole or in part, with a brief filed by another party on the same side or to file its own brief." (Emphasis added.) This was the sole basis for the denial of Thomas's motion for sanctions, which was issued by the same Commissioner who made the January 20, 2022 ruling. Thomas misconstrues these rulings to her detriment. Finally, Thomas alleged she was prejudiced by only being permitted to file a single reply brief when KCCHS and NWH were permitted to each file a response brief. Nothing in our procedural rules entitles Thomas to two reply briefs or an over-length reply brief even if the respondents exercised their choice under the RAP to file separately.

Having carefully reviewed the various assignments of error and claims raised by Thomas on appeal, and endeavored to explain the applicable rules and legal standards so that Thomas may better understand the procedural history of her litigation, we conclude that the trial court did not err. We affirm the trial court's denial of Thomas's motion for a default judgment, partial grant of her motion for continuance, and dismissal of her claims against both NWH and KCCHS.[7]

WE CONCUR:

---

[7] In her addendum to her opening brief, Thomas assigns error to the trial court's denial of her motion for perjury. We generally only review a claimed error if the party makes an assignment of error in its opening brief. Because this assignment of error appears only in an exhibit attached to her addendum to her opening brief, we decline to reach it.