# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SHANGRI-LA LLC, a Washington limited liability company, | No. 86117-4-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| EAGLE WEST INSURANCE COMPANY, a foreign insurance company, | |
| Respondent. | |

BIRK, J. — Shangri-La LLC sent a notice of claim to Eagle West Insurance Company requesting coverage under its policy for damage to the roof of its apartment building. Eagle West denied coverage and Shangri-La filed and served a summons and complaint on Eagle West. Eagle West never filed an answer or appeared in the lawsuit. A superior court commissioner entered an order finding Eagle West in default and a default judgment awarding Shangri-La approximately $8 million in damages and attorney fees. Fifteen months after the default judgment's entry, Eagle West filed a motion to vacate the default judgment, which the commissioner denied. Finding an informal appearance, a superior court judge granted Eagle West's motion for revision and vacated the default order and judgment. We reverse and remand for the default judgment to be reinstated. Eagle West failed to appear in the lawsuit, it was not entitled to notice of the default

motions, and its remaining arguments are time barred because it filed its motion to vacate over a year after its entry.

I

Shangri-La is the owner of the Shangri-La apartment building located in Bothell, Washington. Eagle West is Shangri-La's property insurance company. The coverage agreement is a blanket policy covering multiple structures at 13 locations, including Shangri-La's building.

On February 19, 2021, Wetherholt and Associates Inc. completed and dated a roof condition evaluation report. According to the report, Fields Roof Service maintenance personnel noticed a soft spot on the roof "deck" during repair work on October 7, 2020. The maintenance workers had encountered a "significant amount of deterioration in the oriented strand board (OSB) sheathing and concluded the repair work without addressing a second similar location." After summarizing its general observations of the building, Wetherholt stated, "[T]he roof appears to be suffering from lack of balanced air circulation under the OSB sheathing which has led to condensation." "The lack of ventilation intake, obstructed air movement and exhaust, not having a vapor retarder and the installation of a white reflective, and mechanically attached, roof membrane contributed to the deterioration of the OSB sheathing." Wetherholt recommended the sheathing be removed and replaced due to the existing sheathing's deterioration and organic growth. Wetherholt believed that providing an insulated and unvented " 'compact roof assembly' " would be the best option in mitigating the risk of condensation.

On May 21, 2021, Shangri-La sent a notice of claim under its policy to Eagle West seeking coverage for the damaged roof. The letter attached a copy of Wetherholt's report. Eagle West retained the services of Kip Gatto, PE, of Young & Associates Engineering Services LLC to provide an opinion as to the reported cause(s) of adverse conditions. Gatto's findings are summarized as being (1) the pattern of staining and OSB decay, corrosion, and moisture was consistent with a condensation problem in the roof system, and (2) this condition was a result of the original building design and construction and had likely been developing since the building was first occupied. On August 26, 2021, Eagle West claims representative Ken Gotchall sent a letter to Shangri-La, informing it that Eagle West denied coverage for its claim.

On March 17, 2022, Shangri-La filed a complaint against Eagle West. Shangri-La alleged breach of contract arising out of Eagle West's alleged obligations under the insurance policy. The same day, Shangri-La's attorney dated a letter to Eagle West to provide notice under RCW 48.30.015(8)(a) that Shangri-La intended to assert a cause of action against Eagle West under the Insurance Fair Conduct Act (IFCA), RCW 48.30.015. The letter did not reference any existing lawsuit or the March 17, 2022 complaint. On April 14, 2022, Shangri-La filed an amended complaint, adding an IFCA claim against Eagle West. On April 18, 2022, the Washington Office of the Insurance Commissioner (OIC) accepted service upon Eagle West of the amended complaint and a summons.

In a letter dated April 21, 2022, Gotchall confirmed receipt and acknowledged Shangri-La's March 17, 2022 letter, which he described as a "letter

3

of representation." Gotchall made no acknowledgement of Shangri-La's intention to pursue an IFCA claim or the existence of a coverage dispute. Gotchall requested a copy of counsel's letter of designation or authorization of representation with a signature from a representative of Shangri-La. Gotchall stated that after receiving that requested documentation, Eagle West would e-mail a certified copy of the applicable policy and endorsements along with any requested documents. Gotchall indicated a wish for a telephone conversation.

According to documents Shangri-La later obtained from the OIC, the day after Gotchall's letter, April 22, 2022, the OIC's forward of service to Eagle West was retrieved at a postal facility in Monterey, California. Eagle West later acknowledged that the OIC's certificate of service indicated that the OIC sent the service papers, but with attention to an employee who was by then "no longer employed" by it and to an address it said it had by that time "vacated." Eagle West never claimed that the OIC sent the service papers to an addressee or address other than the ones it provided. While denying it received the service papers, an Eagle West vice president later explained, "The only explanation I can reach based upon the facts revealed by my investigation to date is that if the envelope containing the summons and complaint were indeed delivered to the [Eagle West] offices, then it was likely mistakenly considered to be personal mail to the former employee . . . and set aside and forwarded to her." Eagle West never filed an answer or other responsive pleading to Shangri-La's lawsuit.

On June 6, 2022, Shangri-La filed a motion for default under CR 55(a) for Eagle West's failure to timely answer or appear in the lawsuit. Shangri-La argued

4

Eagle West's answer was due no later than May 31, 2022—40 days after the date that the summons and first amended complaint were served on the OIC. And because Eagle West failed to "appear, plead, or otherwise defend within forty days of the date it was served," the court "should therefore enter default against Eagle West under CR 55(1)(a) and RCW 48.02.200(4)." On the same day, a superior court commissioner granted Shangri-La's motion for default.

On July 14, 2022, Shangri-La filed a motion for the entry of default judgment under CR 55(b). Shangri-La noted Eagle West still had not answered or appeared. Shangri-La argued it was entitled to a default judgment for the cost to repair the covered damage, treble damages under IFCA, and attorney fees. Shangri-La requested a judgment of $1,928,349 for actual damages, trebled to $5,785,047 under IFCA, and $2,314,018 for attorney fees based on its contingency fee agreement with its counsel. The commissioner granted the motion and entered a default judgment against Eagle West in the amounts requested.

On August 2, 2023, Shangri-La's counsel sent Eagle West a letter alerting it to the default judgment and proposing settlement discussions.

Nearly 15 months after entry of the default judgment, on October 5, 2023, Eagle West filed a motion to vacate the default judgment. Eagle West argued the commissioner effectively "rubber-stamp[ed]" the damages and attorney fees alleged by the plaintiff and Eagle West was entitled to notice of the motion for

default because it made an informal appearance in the lawsuit through Gotchall's April 21, 2022 letter.[1]

On November 16, 2023, the commissioner denied Eagle West's motion to vacate the default judgment. On November 30, 2023, the commissioner entered a supplemental order and entered a default judgment against Eagle West.

Eagle West filed a motion to revise the commissioner's November 30, 2023 order. On December 19, 2023, a superior court judge signed an order granting Eagle West's motion for revision and vacating the default order and judgment. The judge ruled, "The Court concludes that an informal appearance was made on behalf of the defendant so notice of entry of the default judgment was required." The judge did not reach any other issues. Shangri-La appeals.

II

When a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by the civil rules and that fact is made to appear by motion and affidavit, a motion for default may be made. CR 55(a)(1). We review a superior court's decision on a motion for default judgment for abuse of discretion. Old Republic Nat'l Title Ins. Co. v. Law Office of Robert E. Brandt, PLLC, 142 Wn. App. 71, 74, 174 P.3d 133 (2007). "Discretion is abused if it is exercised on untenable grounds or for untenable reasons." Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). A decision is based on untenable grounds or made for untenable reasons if it was reached by applying

---

[1] On October 24, 2023, the commissioner entered an order to show cause why the default order and default judgment should not be vacated, in strict observance of CR 60(e)(2).

the wrong legal standard. <u>Driggs v. Howlett</u>, 193 Wn. App. 875, 897, 371 P.3d 61 (2016). A trial court that misunderstands or misapplies the law bases its decision on untenable grounds. <u>Id.</u>

Our courts will liberally set aside default judgments pursuant to CR 55(c) and CR 60 and for equitable reasons in the interests of fairness and justice. <u>Morin</u>, 160 Wn.2d at 749. At the same time, we "value an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of the court to decide their cases and comply with court rules." <u>Little v. King</u>, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). "[L]itigation is inherently formal. All parties are burdened by formal time limits and procedures." <u>Morin</u>, 160 Wn.2d at 757. This court is less likely to find an abuse of discretion if a trial court has set aside a default judgment rather than if it has refused to do so.[2] <u>Griggs v. Averbeck Realty, Inc.</u>, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979).

Commissioners' rulings are "subject to revision by the superior court." RCW 2.24.050. "On revision, the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." <u>State v. Ramer</u>, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). On appeal, this court reviews the superior court's order, not the

---

[2] The traditional four-factor test Washington follows when considering whether to vacate a default judgment calls for a party to show (1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated. <u>Little</u>, 160 Wn.2d at 703-04 (citing <u>White v. Holm</u>, 73 Wn.2d 348, 352, 438 P.2d 581 (1968)). Eagle West does not rely either on CR 60(b)(1) or on these factors.

commissioner's.  Faciszewski v. Brown, 187 Wn.2d 308, 313 n.2, 386 P.3d 711 (2016).

A

Eagle West argues Gotchall's April 21, 2022 letter was an informal appearance entitling Eagle West to notice of Shangri-La's motion for default under CR 55.  We disagree.

We review questions of law de novo, including whether on undisputed facts an appearance has been established as a matter of law.  Meade v. Nelson, 174 Wn. App. 740, 750, 300 P.3d 828 (2013).  Any party who has appeared in the action for any purpose shall be served with a written notice of motion for default and the supporting affidavit at least five days before the hearing on the motion.  CR 55(a)(3).  Any party who has not appeared before the motion for default and supporting affidavit are filed is not entitled to a notice of the motion.  Id.  Under CR 4(a)(3), a "notice of appearance" shall "be in writing, shall be signed by the defendant or the defendant's attorney, and shall be served upon the person whose name is signed on the summons."  After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him or her.  RCW 4.28.210.

"[T]he doctrine of substantial compliance applies to the notice requirement of CR 4 when enforcing or setting aside judgments under CR 55 and CR 60."  Morin, 160 Wn.2d at 749.  Substantial compliance with the appearance requirement may be satisfied informally.  Id.  However, to satisfy the appearance

requirement, those who have been served with a summons "must do more than show intent to defend; they must in some way appear and acknowledge the jurisdiction of the court after they are served and litigation commences." Id.

Morin was a consolidation of three cases: Morin, Matia Investment Fund, Inc. v. City of Tacoma, and Gutz v. Johnson. 160 Wn.2d at 748. In all three cases, the defendants failed to file answers or otherwise formally appear. Id. at 749. In the first case, Morin, the parties engaged in settlement discussions resulting from damages arising out of a car collision. Id. at 750. After those failed, the plaintiff served the defendants, who did not respond in any way. Id. The plaintiff obtained a default order and judgment. Id. In another of the cases, Matia, the city of Tacoma failed to answer a lawsuit or formally appear and the plaintiff obtained an order of default and a default judgment. Id. at 72. The plaintiff had caused a summons and complaint to be served on the city clerk's office, which was not forwarded to the city attorney. Id. After the plaintiff attempted to collect the judgment more than a year later, the city filed a motion to vacate the default judgment which was granted. Id. at 753. The Supreme Court held the defendants in Morin and Matia were not entitled to notice of the default judgment hearings because they had not substantially complied with the appearance rules and had taken no action in acknowledging that the disputes were in court. Id. at 757-58.

In the final case, Gutz, the parties, similarly to Morin, engaged in unsuccessful settlement negotiations following a car collision. Id. at 758. After a complaint was filed and served on the defendant, a claims representative from the defendant's insurance company contacted plaintiff's counsel with an offer to settle

and inquired whether the case would be litigated. Id. 758. The plaintiffs moved for and obtained a default order against the defendants and their insurer without notice to either. Id. at 758-59. The claims representative contacted a paralegal at Gutzes' counsel's office who reported the action had been filed but did not mention the default order. Id. The defendant unsuccessfully sought to set aside the default order and appealed. Id. at 751-52.

For Gutz, the Morin court remanded for the trial court to consider whether the defendant met the standards of White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968) or CR 60(b)(1) or (4). Morin, 160 Wn.2d at 755, 759. The court did not call the adjuster's contacts an appearance, informal or otherwise, but stated that the plaintiffs' counsel's "failure to disclose the fact that the case had been filed and that a default judgment was pending" in the context of the parties' discussion appeared to be "an inequitable attempt to conceal the existence of the litigation." Id. at 759. The court remanded for analysis of whether the plaintiffs' counsel's efforts to conceal the litigation "induced" the defendant's failure to appear. Id.

The Morin court explicitly rejected the informal appearance doctrine applied by previous case law, such as Gage v. Boeing Co., 55 Wn. App. 157, 160, 776 P.2d 991 (1989).[3] Morin, 160 Wn.2d at 756, 760. In applying CR 55 and CR 60

---

[3] The informal appearance doctrine as applied in Colacurcio v. Burger, 110 Wn. App. 488, 497, 41 P.3d 506 (2002), which Eagle West relies on, appears to have been first formulated and applied in Batterman v. Red Lion Hotels, Inc., 106 Wn. App. 54, 60, 21 P.3d 1174 (2001). The Colacurcio court summarized that doctrine as follows: "A defendant's acts . . . need not acknowledge the lawsuit in order to amount to an informal appearance." 110 Wn. App. at 496. Morin explicitly rejected this doctrine and abrogated Batterman. Morin, 160 Wn.2d at 749. Eagle West apparently relies on and cites these cases only for the proposition that

liberally, the Washington Supreme Court has nevertheless required defendants seeking to set aside a default judgment to be prepared to establish that they actually appeared or substantially complied with the appearance requirements and were thus entitled to notice. Id. at 755. Thus, the mere intent to defend, whether shown before or after a case is filed is not enough; the defendant must go beyond merely acknowledging that a *dispute* exists and instead acknowledge that a dispute exists *in court.* Id. at 756. A party must appear when served with a summons and complaint, because "[t]here must be some potential cost to encourage parties to acknowledge the court's jurisdiction." Id. at 759.

In Sacotte Construction, Inc. v. National Fire & Marine Insurance. Co., the court held that the trial court abused its discretion when it denied the motion to vacate the default judgment because the defendant made an informal telephonic appearance in the case. 143 Wn. App. 410, 416, 419, 177 P.3d 1147 (2008). The plaintiff tendered the defense of claims against it to its insurers, including the defendant, but they failed to respond, so the plaintiff filed a lawsuit. Id. at 413. The plaintiff caused the summons and complaint to be served on the insurance commissioner, and the defendant forwarded the complaint to its counsel. Id. at 414. Defense counsel called plaintiff's counsel to enter an informal appearance for the defendant, but the plaintiff moved a week later and obtained an order of default without giving notice to the defendant. Id. The Sacotte court held the defense attorney's phone call was sufficient because it was made after the

---

contact by non-attorneys may be sufficient to trigger notice requirements under CR 55(a)(3). We need not reach this issue.

complaint was filed specifically to avoid default without notice, which showed the defendant's intent to defend against the lawsuit in court.  Id. at 416.

Gotchall's April 21, 2022 letter failed to comply with the requirements of Morin and is distinguishable from the informal appearance in Sacotte.  Eagle West was properly served with a summons and copy of the first amended complaint and Eagle West failed to file an answer or formally appear in the case.  Gotchall's letter acknowledged Shangri-La's March 17, 2022 letter "regarding the above-captioned claim," referring only to Shangri-La's insurance claim.  Gotchall's letter made no acknowledgement of the jurisdiction of the court or the existence of the matter in court.  Unlike the communication in Sacotte, Gotchall's letter did not show an intent to defend against a lawsuit in court, but acknowledged no more than that Shangri-La's counsel had indicated they represented Shangri-La.  Because Gotchall's letter does not substantially comply with the appearance requirement, Eagle West was not entitled to notice of default.  The superior court misapplied the standard for whether a party has informally appeared under Morin and thus abused its discretion in vacating the default judgment based on its finding that "an informal appearance was made on behalf of the defendant."

C

Eagle West contends Gotchall's letter triggered the requirement under CR 55(a)(3) that Shangri-La provide notice of any motion for default, thus making the default judgment "void" under CR 60(b)(5) or subject to being vacated under CR 60(b)(11).  We disagree.

Under CR 60(b)(1), a party may move for relief from a final judgment due to mistake, inadvertence, surprise, excusable neglect or irregularity in obtaining the judgment or order. A CR 60(b)(1) motion must be made no more than one year after the judgment or order was entered. CR 60(b). Eagle West did not file a timely motion under CR 60(b)(1), and does not argue that it is entitled to relief under this provision. Instead, it seeks relief under other provisions of the rule not subject to the one year time limit. A motion made under provisions of CR 60(b) not subject to the one year time limit need only be made "within a reasonable time." CR 60(b).

Under CR 60(b)(5), a party may move for relief from a final judgment if the judgment is void. A void judgment is a "judgment, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void." Dike v. Dike, 75 Wn.2d 1, 7, 448 P.2d 490 (1968). Generally, only a jurisdictional defect renders a judgment void. Rabbage v. Lorella, 5 Wn. App. 2d 289, 299, 426 P.3d 768 (2018). Under CR 60(b)(11), a party may move for relief from a final judgment for any reason other than those specified in CR 60(b)(1)-(10) that justifies relief from the operation of the judgment. This rule " 'should be confined to situations involving extraordinary circumstances not covered by any other section of the rule.' " Gustafson v. Gustafson, 54 Wn. App. 66, 75, 772 P.2d 1031 (1989) (quoting In re Marriage of Flannagan, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985)).

The failure to provide notice when required is a serious procedural error that renders the judgment voidable, not void, and justifies vacation only when the

13

requirements of CR 60 are met. Rabbage, 5 Wn. App. 2d at 298; In re Marriage of Orate, 11 Wn. App. 2d 807, 813, 455 P.3d 1158 (2020). As Rabbage explains, the failure to provide notice of a motion for default does not divest a court of jurisdiction. 5 Wn. App. 2d at 299. A judgment entered without authority may be set aside if a motion to vacate is brought within time constraints of CR 60. Id. at 300; see also Orate, 11 Wn. App. 2d at 808-09 ("If a trial court has jurisdiction when a judgment is entered, judgments entered without proper notice are voidable, not void.").

CR 60(b)(5) and (b)(11) are inapplicable. Eagle West does not point to any jurisdictional defect that exists to void the default judgment. Under Rabbage and Orate, an erroneous entry of a default order and judgment where the defendant was entitled to notice under CR 55(a)(3) does not render the judgment void, but voidable. Even if Eagle West was entitled to notice, CR 60(b)(5) is not a proper basis for relief from the default judgment. Eagle West further claims a court's failure to comply with the requirements of CR 55 when entering default judgment is deemed to be an "irregularity" in the proceedings sufficient to justify vacation under CR 60(b)(11). But challenges to irregularities in default judgments fall under CR 60(b)(1), so CR 60(b)(11) cannot be a basis for relief. CR 60(b)(11) cannot be used to circumvent the time limit of CR 60(b)(1). Gates v. Homesite Ins. Co., 28 Wn. App. 2d 271, 284, 537 P.3d 1081 (2023).

As explained above, Eagle West was not entitled to notice under CR 55(a)(3), so it does not establish a procedural defect in the default judgment. And

even if it had, it also does not establish a procedural defect remediable under either CR 60(b)(5) or CR 60(b)(11), making its motion untimely as well.

D

Eagle West argues that the amounts awarded for damages and treble damages were not supported by findings sufficient under CR 55(a)(2) and that Shangri-La is not entitled to attorney fees as they were awarded in the default judgment. Its arguments are time barred.

In a legal malpractice case, we held "a trial court has discretion to vacate the damages portion of a default judgment even where no meritorious defense is established." Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson, 95 Wn. App. 231, 241, 974 P.2d 1275 (1999). "[T]he standard for vacating awards of damages from default judgments is the same as the standard for setting aside awards of damages from trials." Id. at 242. That standard permits vacatur "if there was not substantial evidence to support the award of damages." Id. However, relief for this reason falls under, and subject to the one year time limit applicable to, CR 60(b)(1). Id. at 242, 243, 244. Thus, in that legal malpractice case, the client exposed to a default judgment could have obtained a trial on the merits as to damages if the client's attorney had submitted a motion to vacate within CR 60(b)(1)'s one year time limit. Id. at 244.

Any reliance on CR 60(b)(1) is time-barred, and Eagle West is precluded from separately challenging whether substantial evidence supports the amounts awarded in the default judgment. Under Shepard Ambulance, Eagle West could have contested the damages portion of the default judgment, including treble

damages and the attorney fee award, but only if Eagle West had filed its motion to vacate within one year of the judgment's entry. Eagle West failed to do so.

III

Both parties request attorney fees on appeal. We grant Shangri-La's request and deny Eagle West's.

"We will award attorney fees to the prevailing party 'only on the basis of a private agreement, a statute, or a recognized ground of equity.' " Buck Mountain Owner's Ass'n v. Prestwich, 174 Wn. App. 702, 731, 308 P.3d 644 (2013) (quoting Equitable Life Leasing Corp. v. Cedarbrook, Inc., 52 Wn. App. 497, 506, 761 P.2d 77 (1988)). "When insureds are forced to file suit to obtain the benefit of their insurance contract, they are entitled to attorneys' fees." Weyerhaeuser Co. v. Com. Union Ins. Co., 142 Wn.2d 654, 687 n.15, 15 P.3d 115 (2000) (citing Olympic S.S. Co. v. Centennial Ins. Co., 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991)). "The entitlement to necessary expenses as part of a reasonable attorney fee award also fulfills the rationale behind this equitable ground." Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001). "Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section." RCW 48.30.015(1). Shangri-La is entitled to and is awarded its reasonable attorney fees and necessary expenses

on appeal under both <u>Olympic Steamship</u> and RCW 48.30.015(1) and (3).  We remand the determination of these fees and expenses to the superior court.

Because Eagle West does not prevail, we deny Eagle West's request for attorney fees.

We reverse the order vacating the default order and judgment and remand for the superior court to reinstate the default judgment against Eagle West and determine the reasonable attorney fees and necessary expenses awarded to Shangri-La herein.

_Birk, J._

WE CONCUR:

_Díaz, J._ _Hazel, ACJ_